# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA PERRY,<br><br>        Plaintiff,<br><br>    v.<br><br>K. HERRINGTON, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:10-CV-01175-DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br><br>(DOC. 1)<br><br>DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**I.   Background**

Plaintiff Dana Perry ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on June 30, 2010. Doc. 1

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

## II.     Summary of Complaint

Plaintiff is currently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants warden K. Harrington, lieutenant Jeffereys, correctional officer A. Graham, chief deputy warden G. D. Lewis, and chief of inmate appeals N. Grannis.

Plaintiff alleges the following.  October 16, 2008, inmate Ruiz attacked Plaintiff by striking him in the face with a closed fist.  Plaintiff contends he then defended himself.  Plaintiff was assessed a rules violation report for fighting by Defendant A. Graham, which Plaintiff contends is false.  Plaintiff alleges that Defendant Jeffereys, the senior hearing officer who found Plaintiff guilty of fighting on insufficient evidence because he focused only on Plaintiff's subsequent activity of defending himself instead of the part where Plaintiff was attacked by inmate Ruiz.

Plaintiff grieved this issue to Defendant chief deputy warden G. D. Lewis, who denied Plaintiff's appeal.  Defendant Harrington as warden had the opportunity to cure this error but failed to do so.  Defendant Grannis denied Plaintiff's appeal at the Director's level.

Plaintiff alleges a violation of the Due Process Clause of the Fifth and Fourteenth Amendments, and a violation of the Equal Protection Clause of the Fourteenth Amendment.  Plaintiff requests as relief monetary damages.

## III.    Analysis

### A.     Due Process

"[T]he Fifth Amendment's due process clause applies only to the federal government." *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008).  Thus, it is inapplicable here.  The Court will instead screen Plaintiff's claim pursuant to the Due Process Clause of the Fourteenth

1  Amendment.

2      The Due Process Clause protects prisoners from being deprived of liberty without due
3  process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  In order to state a cause of action
4  for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for
5  which the protection is sought.  "States may under certain circumstances create liberty interests
6  which are protected by the Due Process Clause."  *Sandin v. Conner*, 515 U.S. 472, 483-84
7  (1995).  Liberty interests created by state law are generally limited to freedom from restraint
8  which "imposes atypical and significant hardship on the inmate in relation to the ordinary
9  incidents of prison life."  *Sandin*, 515 U.S. at 484.

10      "Prison disciplinary proceedings are not part of a criminal prosecution, and the full
11  panoply of rights due a defendant in such proceedings does not apply."  *Wolff v. McDonnell*, 418
12  U.S. 539, 556 (1974).  With respect to prison disciplinary proceedings, the minimum procedural
13  requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours
14  between the time the prisoner receives written notice and the time of the hearing, so that the
15  prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they
16  rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses
17  and present documentary evidence in his defense, when permitting him to do so would not be
18  unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the
19  prisoner where the prisoner is illiterate or the issues presented are legally complex.  *Id.* at 563-71.

20      Plaintiff contends that the rules violation report is false.  Plaintiff includes the rules
21  violation report as an exhibit.  *See* Pl.'s Compl., Ex. A, Rules Violation Report, Log. No. FC-08-
22  10-0035.  An examination of the exhibit indicates that Plaintiff is incorrect, as the Rules
23  Violation Report does list all the evidence presented, including Defendant Graham's statement
24  that inmate Ruiz attacked Plaintiff, and that the two then began to fight.  Plaintiff does not
25  dispute that he did attack inmate Ruiz after inmate Ruiz attacked him.  Plaintiff does not dispute
26  that 1) he was provided written notice of the charges at least twenty-fours prior to the hearing, 2)
27  was provided written statement by the fact finder of the evidence relied on and reasons for taking
28  disciplinary action, 3) the matter was not legally complex, and 4) Plaintiff had the right to present

evidence and call witnesses. *See* Pl.'s Compl., Ex. A, Rules Violation Report, Log. No. FC-08-10-0035. Due process does not require that the federal court inquire more.

Plaintiff's primary issue is that none of the Defendants considered Plaintiff being attacked first as evidence that merited not finding Plaintiff guilty of fighting. However, Defendants may focus on some evidence instead of other evidence in support of their decision, as they did here. *See Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (citing *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)) (holding that minimal requirement of due process is some evidence supporting the decision). Plaintiff does not deny that he struck inmate Ruiz, and Defendants can rely on that as some evidence supporting their finding of guilt for fighting. Plaintiff thus fails to state a due process claim.[1]

**B.     Equal Protection**

Plaintiff contends that he was treated differently from other prisoners. Pl.'s Compl. 6. Plaintiff fails to state a claim. The Equal Protection Clause ensures that similarly situated persons are treated alike. *See Bruce*, 351 F.3d at 1288. Plaintiff fails to allege how other prisoners were treated differently than Plaintiff. Legal conclusions are not sufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949. Based on Plaintiff's allegations, Plaintiff was afforded the same protections as other inmates, as he was found guilty of fighting based on some evidence, and was provided the minimal due process requirements outlined in *Wolff*.

///

---

[1] Plaintiff also fails to state a claim against Defendant Harrington based on his role as supervisory Defendant. The United States Supreme Court emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges that Defendant Harrington was responsible for Plaintiff's inmate grievance as head of the institution. Plaintiff is thus alleging liability based on Defendant Harrington's position. Plaintiff fails to state a claim.

4

1  IV.     **Conclusion And Order**

2       Plaintiff fails to state a claim against any Defendants.  The Court does not find that

3  Plaintiff will be able to amend his complaint to cure the deficiencies identified.  Thus, leave to

4  amend will not be provided.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

5       Based on the foregoing, it is HEREBY ORDERED that this action is DISMISSED for

6  failure to state a claim upon which relief may be granted.  This dismissal counts as a strike

7  pursuant to 28 U.S.C. § 1915(g).  The Clerk of the Court is directed to close this action.

8       IT IS SO ORDERED.

9       Dated:    **March 18, 2011**                       /s/ **Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE