# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA PERRY,<br><br>            Plaintiff,<br><br>     v.<br><br>K. HARRINGTON, et al.,<br><br>            Defendants.    / | CASE NO. 1:10-CV-01175-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. 9) |

Plaintiff Dana Perry ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on June 30, 2010. Doc. 1. Plaintiff consented to magistrate judge jurisdiction on October 1, 2010. On March 18, 2011, the Court dismissed Plaintiff's action for failure to state a claim. Doc. 7. On April 8, 2011, Plaintiff filed a motion for reconsideration. Doc. 9.[1]

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). "A party seeking reconsideration must show more than a

---

[1] The Court notes that Plaintiff is not proceeding in forma pauperis in this action. Plaintiff did not submit the proper application form, nor did Plaintiff submit a prisoner trust account.

1

disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.,* 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff contends that the term mutual combat implies a mutual intent by the participants to agree to the conduct. Plaintiff in effect contends that the legislature intended self-defense to be implied as an exception within mutual combat. Plaintiff cites to no case law or any provisions in the California Code of Regulations in support of his contention. It is irrelevant whether Plaintiff intended to start a fight with another inmate. What is relevant is whether some evidence exists to support a finding of guilt in prison disciplinary proceedings. *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (citing *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)) (holding that minimal requirement of due process is some evidence supporting the decision). Here, Defendants found that inmate Ruiz attacked Plaintiff, and Plaintiff fought back. That is some evidence in support of the decision finding Plaintiff guilty of mutual combat.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed April 8, 2011, is denied.

IT IS SO ORDERED.

  **Dated:   April 11, 2011**                     /s/ Dennis L. Beck
                                          UNITED STATES MAGISTRATE JUDGE